IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| KENNETH L. SINCLAIR, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 12-6091-CV-DPR |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security,[1] | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

An Administrative Law Judge ("ALJ") denied Social Security Disability Insurance Benefits and Supplemental Security Income to Plaintiff Kenneth L. Sinclair in a decision dated February 25, 2011 (Tr. 9-15). The Appeals Counsel denied review. Thus, the ALJ's decision became the Commissioner of Social Security's final decision denying Social Security Disability benefits. *See* 42 U.S.C. § 405(g); 20 C.F.R. § 404.981; 20 C.F.R. § 416.1481. For the reasons set forth below, the decision of the Commissioner of Social Security is **AFFIRMED**.

### LEGAL STANDARDS

Judicial review of a denial of disability benefits is limited to whether there is substantial evidence on the record as a whole to support the Social Security Administration's decision. 42 U.S.C. § 405(g); *Minor v. Astrue*, 574 F.3d 625, 627 (8th Cir. 2009). Substantial evidence is "'such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. V. NLRB*,

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Fed. R. Civ. P. 25(d), Carolyn W. Colvin is substituted for Michael J. Astrue as defendant in this action.

305 U.S. 197, 229 (1938)). "Substantial evidence on the record as a whole," however, requires a more exacting analysis, which also takes into account "whatever in the record fairly detracts from its weight." *Minor*, 574 F.3d at 627 (quoting *Wilson v. Sullivan*, 886 F.2d 172, 175 (8th Cir. 1989)). Thus, where it is possible to draw two inconsistent conclusions from the evidence, and one conclusion represents the ALJ's findings, a court must affirm the decision. *See Robinson v. Sullivan*, 956 F.2d 836, 838 (8th Cir. 1992) (citing *Cruse v. Bowen*, 867 F.2d 1183, 1184 (8th Cir. 1989)). In other words, a court should not disturb an ALJ's denial of benefits if the decision "falls within the available zone of choice." *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011). A decision may fall within the "zone of choice" even where the court "might have reached a different conclusion had [the court] been the initial finder of fact." *Id.* (quoting *Bradley v. Astrue*, 528 F.3d 1113, 1115 (8th Cir. 2008)). A reviewing court is directed to "defer heavily to the findings and conclusions" of the Social Security Administration. *Howard v. Massanari*, 255 F.3d 577, 581 (8th Cir. 2001).

## ANALYSIS

The operative facts and arguments are thoroughly presented in the parties' briefs and will not be duplicated here. The claimant argues that the ALJ erred in finding the claimant's anxiety a non-severe impairment; in discounting the claimant's credibility; in failing to consider the observations of a third-party; in failing to adequately address the claimant's obesity; in failing to fully develop the record; in failing to properly assess the claimant's residual functional capacity (RFC); and in finding the claimant capable of performing past relevant work (Doc. 8).

The Court has thoroughly reviewed the claimant's medical records, opinion evidence, hearing testimony, and the ALJ's opinion, and finds that the ALJ's determinations are based

upon substantial evidence on the record as a whole.  The ALJ properly considered the evidence in the record regarding the claimant's severe impairments, including obesity; properly discounted the claimant's credibility by highlighting inconsistencies between his subjective complaints and the medical records; and considered all the relevant evidence in fashioning the claimant's RFC and ability to perform past relevant work.  In addition, the ALJ specified the evidence relied upon in making his findings.  His failure to mention the observations of a third-party is harmless error.  An ALJ is not required to discuss every piece of evidence in the record, and an ALJ's failure to cite a specific piece of evidence does not demonstrate it was not considered. *See Wildman v. Astrue*, 596 F.3d 959, 966 (8th Cir. 2010) (citing *Black v. Apfel*, 143 F.3d 383, 386 (8th Cir. 1998)).

Finally, the ALJ fulfilled his duty to develop the record.  The responsibility rests with the claimant to prove disability and provide medical evidence of his impairments.  An ALJ is not required to obtain additional medical evidence where the evidence that appears in the record "provides a sufficient basis for the ALJ's decision." *Kamann v. Colvin*, 721 F.3d 945, 950 (8th Cir. 2013) (quoting *Naber v. Shalala*, 22 F.3d 186, 189 (8th Cir. 1994)).  The Court finds that the record as a whole reflects substantial evidence to support the ALJ's decision.  Taken together, the ALJ's determinations fall within the acceptable "zone of choice" of the finder of fact, to which the court gives great deference.  Accordingly, the Court will not disturb the ALJ's denial of benefits.

Therefore, based on all the foregoing, **IT IS ORDERED** that the decision of the Commissioner of Social Security is **AFFIRMED**.

**IT IS SO ORDERED.**

**DATED:  September 6, 2013**

3

/s/ *David P. Rush*
**DAVID P. RUSH**
**United States Magistrate Judge**